UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD P.,

    Plaintiff,

v.

NANCY A. BERRYHILL,

    Defendant.

Case No. C17-6011JLR

ORDER REVERSING AND REMANDING DENIAL OF BENEFITS

## I. INTRODUCTION

Plaintiff Richard P. seeks review of the denial of his application for supplemental security income benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-83f. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by (1) improperly discounting Plaintiff's testimony; (2) improperly weighing the medical evidence; and (3) improperly assessing Plaintiff's residual functional capacity ("RFC") and ability to work. (Pl. Op. Br. (Dkt. # 11) at 1.) As discussed below, the court REVERSES the final decision of Defendant Nancy A. Berryhill, Deputy Commissioner of the Social Security Administration for Operations (the "Commissioner"), and REMANDS the matter for further administrative proceedings under sentence four of 42

U.S.C. § 405(g).

## II. THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since June 5, 2014, the application date. *See* 20 C.F.R. § 416.971 *et seq.*

**Step two:** Plaintiff has the following severe impairment: degenerative disc disease. *See* 20 C.F.R. § 416.920(c).

**Step three:** Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 416.920(d), 416.925 & 416.926.

**Residual Functional Capacity:** Plaintiff can perform light work as defined in 20 C.F.R. § 416.967(b), except that he can occasionally lift, carry, push, and pull 20 pounds; frequently lift, carry, push, and pull 10 pounds; sit, stand, and walk six hours out of an eight hour workday with normal breaks; frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; occasionally stoop and crawl; frequently crouch; and must avoid concentrated exposure to extremes of cold, vibrations, hazardous machinery, and unprotected heights.

**Step four:** Plaintiff is unable to perform any past relevant work. *See* 20 C.F.R. § 416.965.

**Step five:** Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *See* 20 C.F.R. §§ 416.969 & 416.969(a).

(Administrative Record ("AR") at 32-39.) Based on these findings, the ALJ found that Plaintiff had not been under a disability, as defined in the Act, since June 5, 2014, the application date.[2] (*Id.* at 39.) The Appeals Council denied Plaintiff's request for review,

---

[1] 20 C.F.R. § 416.920.

[2] Plaintiff stated in his opening brief that he submitted a new application for disability benefits,

making the ALJ's decision the Commissioner's final decision. (*Id.* at 1.)

### III. DISCUSSION

Plaintiff, as the claimant, bears the burden of proving he is disabled within the meaning of the Act. *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Pursuant to 42 U.S.C. § 405(g), the court may only set aside a denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Although the court is required to examine the entire record, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

### A. The ALJ Erred in Rejecting Plaintiff's Testimony

Plaintiff contends that the ALJ erred in evaluating his symptom testimony. (*See* Pl. Op. Br. at 9-12.) The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that

---

and was found to be disabled beginning June 20, 2016. (Pl. Op. Br. at 2.) The court is limited in its review to evidence in the administrative record, *see Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000), but even if the court considered this claim, it would have no effect on the outcome here.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 3

"'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could reasonably have caused some degree of the symptoms; he does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this first step because his medically determinable impairments could reasonably be expected to cause some of the symptoms he alleged. (AR at 35.)

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15).

Although the ALJ found no evidence of malingering, he nevertheless rejected Plaintiff's testimony because it was not entirely consistent with the medical evidence. (AR at 35.) The ALJ erred in doing so.

First, "'an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.'" *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)) (alteration in original); *see also* 20 C.F.R. § 416.929(c)(2). The records the ALJ cited here may have been relevant to the scope of Plaintiff's limitations, but they could not on their own support rejecting his testimony.

Second, the ALJ did not adequately tie his recitation of the medical evidence to his

decision to discount Plaintiff's testimony. "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell*, 947 F.2d at 345-46); *see also Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[A]n ALJ cannot reject a claimant's testimony without giving clear and convincing reasons. . . . [T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony.") (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). The ALJ merely repeated the medical evidence; he did not explain how any of this contradicted Plaintiff's testimony. The ALJ consequently erred in rejecting Plaintiff's symptom testimony.

**B.      The ALJ Did Not Harmfully Err in Weighing the Medical Evidence**

Plaintiff further contends that the ALJ erred in evaluating the medical evidence. (Pl. Op. Br. at 2-9.) In particular, Plaintiff argues that the ALJ erred in rejecting the opinions of Brent Packer, M.D., and in giving great weight to the opinions of the state agency consultants. (*Id.* at 8-9.)

At the beginning of his argument, Plaintiff recites the medical evidence and summarily concludes that it supports his alleged symptoms. (*See id.* at 2-8.) The court does not reweigh the evidence, so this recitation of the medical evidence without any substantive argument is of little value. *See Thomas*, 278 F.3d at 954. Because Plaintiff

has not explained any specific errors with respect to the other medical opinions he mentions, the court will not separately address those opinions. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).

1.  <u>The ALJ Did Not Harmfully Err in Weighing the Opinions of Dr. Packer</u>

Dr. Packer reviewed some of Plaintiff's medical records, but did not examine Plaintiff. (*See* AR at 270-74.) Based on his review, Dr. Packer diagnosed Plaintiff with degenerative disc disease, syncope, and epilepsy/seizure disorder. (*Id.* at 274.) Dr. Packer opined that Plaintiff was limited to sedentary work with other specific exertional restrictions. (*Id.* at 270.)

The ALJ rejected several of Dr. Packer's opinions. (*See id.* at 36.) He found that Plaintiff was limited to light work, whereas Dr. Packer opined that Plaintiff was limited to sedentary work. (*See id.* at 36, 270.) The ALJ found that Plaintiff could sit, stand, and walk for six hours in an eight hour workday, but Dr. Packer opined that Plaintiff was limited to four hours in these activities. (*See id.*) The ALJ found no gross or fine motor restrictions, whereas Dr. Packer opined that Plaintiff had significant restrictions in those areas. (*See id.*)

The ALJ gave three reasons for his evaluation of Dr. Packer's opinions. First, Dr. Packer's opinions were inconsistent with the opinions of examining physician James Symonds, M.D. (*See* AR at 36, 260-69.) Second, Dr. Packer's opinions were inconsistent with the objective medical evidence. (*See id.* at 36.) Third, Dr. Packer's

opinions were inconsistent with Plaintiff's reported daily activities. (*See id.*)

The ALJ's first reason for rejecting Dr. Packer's opinions withstands scrutiny. Medical opinions are entitled to varying weight depending on the extent of the treating relationship. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Relevant here, "[t]he opinion of an examining physician is . . . entitled to greater weight than the opinion of a nonexamining physician." *Id.* (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler,* 753 F.2d 1450 (9th Cir.1984)). Dr. Symonds examined Plaintiff, whereas Dr. Packer did not. (*See* AR at 260-74.) The ALJ was therefore entitled to accept Dr. Symonds's opinions over Dr. Packer's where they conflicted.

The ALJ's second reason fails to withstand scrutiny. "The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations omitted). But the ALJ must rationally interpret the evidence he references. *See Thomas*, 278 F.3d at 954 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)). Here, the ALJ cited to medical imaging studies, but did not explain how those were inconsistent with Dr. Packer's opinions. (*See* AR sat 36.) Those studies indicated that Plaintiff has congenital cervical spine issues, spondylosis, and other degenerative problems. (*See id.* at 241, 258, 285.) The court is unable to see how those studies are inconsistent with Dr. Packer's opinions on Plaintiff's work limitations, and thus the ALJ erred in rejecting Dr. Packer's opinions on this basis.

The ALJ's third reason for rejecting Dr. Packer's opinions, like his first reason,

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 7

withstands scrutiny. An ALJ may reasonably discount a doctor's opinions when it is contradicted by the claimant's daily activities. *See Rollins*, 261 F.3d at 856; *Morgan*, 169 F.3d at 601-02. Here, the ALJ reasonably concluded that Dr. Packer's opinions were inconsistent with Plaintiff's ability to garden every day, and to do so "very well." (AR at 36, 187.)

Although the ALJ's second reason for rejecting Dr. Packer's opinions was erroneous, Plaintiff has failed to show harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). An error is harmless "where it is 'inconsequential to the ultimate disability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). The ALJ gave two valid reasons for rejecting Dr. Packer's opinions, so his inclusion of an erroneous reason was inconsequential and therefore harmless.

2. The ALJ Did Not Harmfully Err in Weighing the Opinions of the State Agency Medical Consultants

Two medical consultants reviewed Plaintiff's medical records and opined on his conditions. Robert Bernardez-Fu, M.D. reviewed Plaintiff's records as part of the Social Security Administration's ("SSA") initial disability determination. (*See* AR at 65-73.) Robert Hander, M.D. reviewed Plaintiff's records as part of the SSA's reconsideration of the disability determination. (*See id.* at 75-85.) Both doctors opined that Plaintiff was limited to lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; could

sit, stand, and/or walk with normal breaks for six hours in an eight hour workday; and had several postural limitations. (*Id.* at 69-70, 81-82.)

The ALJ gave "great weight" to these opinions. (*Id.* at 36.) He found that they were consistent with objective medical imaging studies, and consistent with the opinions of other medical evaluators. (*Id.*)

Plaintiff has not demonstrated that the ALJ erred in weighing the opinions of Dr. Bernardez-Fu and Dr. Hander. At most, Plaintiff argues that the ALJ should have weighed these opinions differently because they did not review any medical evidence created after November 2014. (*See* Pl. Op. Br. at 9.) That is a fact the ALJ could have considered in weighing the opinions, but it does not establish that the ALJ's interpretation of those opinions was unreasonable. Plaintiff has thus failed to show that the ALJ harmfully erred in evaluating the opinions of Dr. Bernardez-Fu and Dr. Hander. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407-09); *Thomas*, 278 F.3d at 954.

### C. The ALJ Erred in Assessing Plaintiff's RFC and Ability to Work

Plaintiff last argues that the ALJ erred in his RFC determination, and consequently erred at step five of the disability evaluation process. (Pl. Op. Br. at 12-13.) This argument is largely derivative of Plaintiff's other arguments, as it is based on the contention that the ALJ failed to properly evaluate Plaintiff's symptom testimony and the medical evidence. (*See id.*) Because the Court has found that the ALJ erred in his assessment of Plaintiff's testimony, the Court agrees that the ALJ erred in his RFC and step five findings. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)

(holding that the ALJ's RFC determination was not supported by substantial evidence where he failed to properly account for all of the evidence).

### D. Scope of Remand

Plaintiff asks the court to remand for an award of benefits. (Pl. Op. Br. at 13-14.) The court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). But remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 808 F.3d 1041, 1044 (9th Cir. 2017). If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded for further proceedings. *McCartey*, 298 F.3d at 1076.

The appropriate remedy here is to remand for further proceedings. There are conflicts between Plaintiff's testimony and the medical evidence that the court is not in a position to decide. *See Andrews*, 53 F.3d at 1039. Without resolution of these evidentiary issues, the court cannot conclude that the ALJ would be required to find Plaintiff disabled here. *See Leon*, 880 F.3d at 1046-48 (affirming the district court's decision to remand for further proceedings, rather than to remand for the payment of benefits, where the record revealed conflicts, ambiguities, or gaps in the evidence).

On remand, the ALJ must reevaluate Plaintiff's symptom testimony; reassess the medical evidence as necessary; reassess Plaintiff's RFC; and conduct further proceedings

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 10

as necessary to reevaluate the disability determination in light of this opinion.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 15th day of October, 2018.

JAMES L. ROBART
United States District Judge